IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TIMOTHY L. DAVIS,                          )
                                           )
            Plaintiff,                     )
                                           )
     v.                                    ) Civ. Action No. 13-1657-GMS
                                           )
FBI, et al.,                               )
                                           )
            Defendants.                    )

## MEMORANDUM

The plaintiff, Timothy L. Davis ("Davis"), filed this lawsuit on October 7, 2013, alleging

discrimination related to race, color, and religion and asserting jurisdiction by reason of diversity

of citizenship.[1]  (D.I. 2.)  He appears *pro se* and was granted permission to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915.  (D.I. 4.)  The court proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Davis alleges that in the last quarter of 2009, he provided written detailed information

and a micro-cassette tape to FBI agents in Kalamazoo, Michigan regarding "Smiley Face Killer"

victims.[2]  Davis alleges that persons he identified as Amish were arrested and charged with the

crimes he described.  Davis alleges that he petitioned the FBI for the reward money, but the FBI

---

[1]The court is unable to discern if the parties have diversity of citizenship.  It appears that
some of the defendants are located in Wilmington, Delaware.

[2]A theory advanced by two retired New York City detectives that a number of young men
found dead in bodies of water across several states over the last decade did not accidentally
drown, as concluded by law enforcement agencies, but were victims of a serial killer or killers.
Graffiti depicting a smiley face was discovered near locations where the detectives believe the
killer dumped the bodies in at least a dozen of the cases.  *See* http://en.wikipedia.org/wiki/
Smiley_face_murder_theory.

claimed that the victims were not "Smiley Face" victims, and Davis never received a response to his petition.[3] Davis asked for the return of his information via FOIA (i.e., the Freedom of Information Act), but he only received thirteen pages of written information found at pages five through eighteen of the complaint. Davis alleges that he was denied information pursuant to § 552(b)(6) and (7).

Davis seeks damages for one emotional distress, physical harm, and property loss, as well as a declaratory judgment on invasion of privacy.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Davis proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

---

[3]The court takes judicial notice that on April 29, 2008, the FBI released the following press statement: "Over the past several years, law enforcement and the FBI have received information about young, college-aged men who were found deceased in rivers in the Midwest. The FBI has reviewed the information about the victims provided by two retired police detectives, who have dubbed these incidents the "Smiley Face Murders," and interviewed an individual who provided information to the detectives. To date, we have not developed any evidence to support links between these tragic deaths or any evidence substantiating the theory that these deaths are the work of a serial killer or killers. *See* http://www.fbi.gov/news/pressrel/press-releases/fbi-statement-regarding-midwest-river-deaths.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Davis leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,

3

but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Davis has a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege Davis' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Initially, the court notes that Davis does not indicate under which statutes or theories of law he proceeds. However, it appears that Davis raises two claims in his complaint: (1) a discrimination claim after the FBI failed to pay a reward for information following Davis' request for the reward; and (2) a FOIA for failure to provide complete information.

With regard to the discrimination claim and failure to pay the reward, the Court finds even liberally construed that this claim is legally frivolous and lacks factual basis. *Denton v. Hernandez*, 504 U.S. 25, 32 (1982); *see also Mohammed v. Wilson*, 1996 WL 570501 (N.D. Cal. 1996). While Davis requested a reward, as is evidenced by the press release attached to the complaint, the FBI did not consider the Smiley Face Murder theory a viable one. In addition, to the extent the claim can be considered a *Bivens* claim, that is, an action which lies against federal

---

[4] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

officials who have violated the plaintiff's rights under color of federal law, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), it is clear from the face of the complaint that the claim is barred by the applicable two-year statute of limitations.[5] Davis sought recovery of the reward the last quarter of 2009, but did not file the instant complaint until October 7, 2013. "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware Cnty. Court*, 260 F. App'x 454 (3d Cir. 2008) (unpublished). In addition, a *Bivens* action cannot be maintained against a federal agency. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485 (1994). Accordingly, the court will dismiss the discrimination claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

With regard to the FOIA claim, it appears that Davis sought information known to him since he had previously provided the information to the FBI. The court is unable to discern whether Davis exhausted his administrative remedies prior to filing suit. "[T]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993) (citing *Oglesby v. Department of Army*, 920 F.2d 57 (D.C. Cir. 1990)). A plaintiff exhausts administrative remedies when he appeals an agency's response to his FOIA request, and the agency fails to

---

[5]The statute of limitations for a *Bivens* claim is taken from the forum state's personal injury statute. *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988) (noting that the same statute of limitations applies to both *Bivens and § 1983 claims). The relevant state statute of limitations for a personal injury ac*tion in Delaware is two years. *See* 10 Del. C. § 8119.

respond to the appeal within the appropriate time limit, denies the appeal, or makes an adverse

determination.  5 U.S.C. § 552(a)(6)(A)(i)-(ii); *See Hidalgo v. Federal Bureau of Investigation*,

344 F.3d 1256, 1259 (D.C. Cir. 2003).  When a plaintiff has not exhausted administrative

remedies, the court can dismiss the complaint sua sponte for failure to state a claim.  *Isasi v.*

*Office of Attorney Gen.*, 594 F. Supp. 2d 12, 13 (D.D.C. 2009).  Finally, the burden is on the

plaintiff to prove exhaustion of administrative remedies.  *See Brown v. Federal Bureau of*

*Investigation*, 793 F. Supp. 2d 368, 380 (D.D.C. 2011).

It does not appear that Davis exhausted his administrative remedies.  Therefore, the court

will dismiss the claim for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  Davis, however, will be given leave to amend the claim.

## IV.  CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

Plaintiff will be given leave to amend only as to the FOIA claim.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware