IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY L. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1657-GMS |
| | ) |
| FBI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Timothy L. Davis ("Davis"), filed this lawsuit on October 7, 2013, alleging discrimination related to race, color, and religion and asserting jurisdiction by reason of diversity of citizenship.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court dismissed the original complaint and gave Davis leave to amend only as to a Freedom of Information Act ("FOIA") claim. Davis filed an amended complaint on January 10, 2014. (D.I. 7.) The court proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

The amended complaint adds the United States Department of Justice as a defendant. Davis filed a FOIA request upon the FBI in 2010 and received a response dated August 18, 2010. He alleges that the response did not include the information he sought and that it was never made available for public viewing. He asked another individual to file a follow-up FOIA request and that request was not made available for viewing on schedule and the information requested was

---

[1] The court is unable to discern if the parties have diversity of citizenship. It appears that some of the defendants are located in Wilmington, Delaware.

never released. Davis alleges that the FBI did not respond to his FOIA request within the statutory time-frame pursuant to 5 U.S.C. §§ 551(a)(6)(A)(ii) and (iii). He further alleges that the FBI unlawfully withheld agency records. Davis alleges that he has exhausted his administrative remedies. He seeks injunctive relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Davis proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Davis leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Liberally construing the amended complaint, as the court must, Davis states what appears to be a cognizable FOIA claim. The amended complaint specifically names as defendants the FBI and the Department of Justice. All other defendants as named in the original complaint and those referred to in the amended complaint as "the other defendants range from law enforcement agencies to private individuals" will be dismissed.

Davis filed a motion for electronic notification from the District Court. (D.I. 8.) Davis is currently driving a tractor trailer and requests that he be notified of court events by e-mail. Davis' request is contrary to the practice of the Clerk's Office which provides notice via United States Mail to a party who has not been approved to register as a user of the Case Management/ Electronic Case Files ("CM/ECF") system. Therefore, the motion will be denied.

## IV. CONCLUSION

For the above reasons, the court will dismiss the defendants John Doe, Andrew Arena, Gerard Alexander, Trish Gibbs, and "the other defendants range from law enforcement agencies to private individuals" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court will be directed to add the United States Department of Justice as a defendant. The plaintiff may proceed against the FBI and the Department of Justice. The plaintiff's motion for electronic notification will be denied. (D.I. 8.)

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

March 25, 2014

4